UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| CITIZENS BANK, N.A., et al., | Case No.: 2:25-cv-00108-APG-DJA |
|---|---|
| Petitioners | **Order Granting Petition to Confirm Arbitration Award** |
| v. | [ECF No. 1] |
| CURTIS C. MAGLEBY, | |
| Respondent | |

Curtis Magleby commenced an arbitration proceeding against the petitioners (collectively referred to herein as "Citizens") before the American Arbitration Association (AAA). The designated arbitrator, Amy D. Hogue, granted Citizens' motion for summary judgment and entered an award in favor of Citizens. Citizens filed its petition in this court to confirm that award. Because the arbitrator did not exhibit a manifest disregard of the law, I grant the petition.

A party to an arbitration agreement may petition a court to confirm an arbitration award. 9 U.S.C. § 9. The "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the Federal Arbitration Act (FAA). *Id*. "Under the statute, confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (simplified). Vacatur of the award is permitted under § 10 only:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Magleby bases his objection to the award on the last provision, arguing that the arbitrator "so imperfectly executed her powers that a just award could not have been entered." ECF No. 30 at 3. Specifically, Magleby argues that the arbitrator manifestly disregarded the law. *Id.* at 4. The Ninth Circuit has "held that arbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational' or exhibits a 'manifest disregard of law.'" *Kyocera*, 341 F.3d at 997 (simplified). "This is a high standard for vacatur; it is not enough ... to show that the [arbitrator] committed an error—or even a serious error." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (simplified). "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. . . . It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Luong v. Cir. City Stores, Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004) (simplified).

Magleby fails to satisfy this high burden. He disagrees with the arbitrator's ruling that Citizens' statements in the FINRA U5 form were absolutely privileged. ECF No. 30 at 5. But he admits that this privilege issue "has not been litigated to a definitive conclusion in many of the states," and in Nevada and California "the consensus seems to be that the statements would enjoy some privilege, but usually a qualified privilege." *Id.* Given that the law on this topic is unclear, the arbitrator did not manifestly disregard it.

Magleby's other objections to the award focus on the arbitrator's findings of fact and relevance. ECF No. 30 at 6-8. Those decisions are not sufficient to support vacating the award. *Kyocera*, 341 F.3d at 994 (holding that even "unsubstantiated factual findings [do not] justify

federal court review of an arbitral award under the statute"); *id*. at 1003 ("The risk that arbitrators . . . may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4)"). Similarly, Magleby's objections to the arbitrator's discovery and procedural decisions (ECF No. 30 at 10-12) lie outside the grounds for vacatur of the award in this case.[1]

I ORDER that the petition to confirm arbitration award (ECF No. 1) is granted. I confirm in all respect the Award issued by Arbitrator Hogue in *Curtis C. Magleby v. Citizens Bank, N.A., et al.*, AAA Case No. 01-22-0003-9196.

I FURTHER ORDER the clerk of court to close this case.

DATED this 12th day of March, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Citizens also points out that Magleby failed to move to vacate the award within three months after the award was entered as required by 9 U.S.C. § 12. ECF No. 34 at 7. Thus, Citizens argues, Magleby has waived any objections to the enforcement of the award. Because I reject Magelby's objections on their merits, I need not address this waiver argument.